UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY HALL, | |
| Plaintiff, | Civil Action No. 17-2631 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| SOUTHWEST CREDIT SYSTEMS, L.P., | |
| Defendant. | |

**MEMORANDUM OPINION**

The plaintiff, Mary Hall, alleges that the defendant, Southwest Credit Systems, L.P., violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by reporting to credit bureaus her purported debt without also communicating that she disputed the debt. *See generally* Compl., ECF No. 1. The defendant has moved for summary judgment, insisting that it had no reason to know that the reported debt was disputed and thus had no obligation to report it as such. *See generally* Def.'s Mot. Summ. J. ("Def.'s Mot."). Yet, a jury reasonably could find that the defendant should have known of the dispute, and thus violated the FDCPA when notifying credit bureaus of the plaintiff's alleged debt without also alerting the bureaus to the dispute. Therefore, the defendant's motion for summary judgment is denied in substantial part.

**I.     BACKGROUND**

The defendant is a debt collector. *See* Def.'s Answer ¶ 4, ECF No. 4. On September 3, 2015, the defendant began an account for "Victoria Hall," who, based on information received from one of the defendant's customers—Comcast—supposedly had an unpaid debt of $570.36. Def.'s Mot., Ex. B, Account History at 1, ECF No. 9-2. According to information the defendant

1

obtained from Comcast, Victoria Hall lived at 1903 15th Street NW, Apartment 21, Washington, D.C. 20009-3925. *Id.*; *see also* Def.'s Mot., Ex. C, Comcast Bills at 1, ECF No. 9-2. The defendant also received Victoria Hall's social security number. Account History at 1.

Starting on November 2, 2015, the defendant began reporting Victoria Hall's alleged Comcast debt to credit bureaus. *Id.* at 2. Sometime later, the plaintiff discovered these communications, and, on October 6, 2016, she faxed the defendant a one-page letter with a subject line reading:

> Re: My Southwest Credit Systems, L.P. Account
> Original Creditor: Comcast
> My Name: Mary Hall
> My SSN: XXX-XX-9052

Def.'s Mot., Ex. D, Oct. 6, 2016 Ltr. ("Dispute Letter") at 2, ECF No. 9-2. The text of the letter stated, in full, "To Whom It May Concern: I dispute the Southwest Credit Systems, L.P. collection account on my credit report that has a balance of $570.00 and an open date of 9/3/2015 and refuse to pay this account." *Id.* "Mary Hall" signed the letter, which was sent on letterhead for:

> Mary Hall
> 8712 Oakdale Street
> Fort Washington, MD 20744.

*Id.*

The defendant received the Dispute Letter but did not locate an associated account. Def.'s Mot., Ex. A, Decl. of Jeff Hazard ("Def.'s Decl.") ¶¶ 6–7, ECF No. 9-2.[1] Consequently,

---

[1] The defendant believes it responded to the Dispute Letter with an "unrecognizable account letter" because, as a matter of policy, the defendant sends such a letter after receiving correspondence pertaining to an unidentifiable account. Def.'s Decl. ¶ 8; *see also* Def.'s Mot., Ex. G, Unfound Letters Work Instructions, ECF No. 9-2. Yet, the defendant does not state that an "unrecognizable account letter" was sent to the plaintiff upon receipt of the Dispute Letter nor does such a letter exist in the record. Thus, the record is not conclusive on this fact. In any event, the FDCPA treats indistinguishably "communicating . . . information which is known or which *should be known* to be false . . . ." 15 U.S.C. § 1692e(8) (emphasis added). Whether the defendant sent an "unrecognizable account letter" has no bearing on whether the defendant should have known what debt the Dispute Letter referenced.

on October 17, 2016, November 14, 2016, and December 11, 2016, the defendant re-reported the alleged Comcast debt to credit bureaus without designating the debt as disputed. *See* Account History at 2.

On December 22, 2016, the plaintiff's counsel sent the defendant a second letter, which attached a draft civil complaint alleging that the defendant violated the FDCPA by reporting a disputed debt to credit bureaus without marking the debt as disputed. *See generally* Def.'s Mot., Ex. E, Dec. 22, 2016 Ltr. ("Demand Letter), ECF No. 9-2. Like the Dispute Letter, both the Demand Letter and attached complaint identified the purported debtor as "Mary Hall" and Comcast as the creditor. *Id.* at 1–2. The draft complaint stated that Mary Hall "is a resident of the State of the District of Columbia, residing at 1733 33rd Place, S.E., Washington, DC 20009." *Id.* at 2. No other identifying information was provided.

After receiving the Demand Letter and draft complaint on January 5, 2017, the defendant found the referenced debt. Def.'s Decl. ¶ 9. On January 10, 2017, the defendant marked that debt as disputed. *Id.*; *see also* Account History at 2.

In December 2017, the plaintiff initiated this action, alleging that the defendant violated the FDCPA by reporting to credit bureaus her disputed Comcast debt without also communicating the dispute. *See generally* Compl. Following six months of discovery, the defendant now has moved for summary judgment. *See generally* Defs.' Mot.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The burden is on the moving party to demonstrate that there is an "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining if a

case presents a genuine issue of material fact, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).  In other words, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 651.  "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Id.* at 656 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

## III. DISCUSSION

This case concerns one allegation: The defendant reported a debt to credit bureaus that the defendant should have known was disputed without communicating that the debt was disputed.  *See generally* Compl.; *see also* Def.'s Mot. at 6.  In a single claim, the plaintiff alleges that the defendant's conduct violates multiple provisions of two FDCPA sections.  Compl. ¶ 26.  Under the first of those sections, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," with several examples of qualifying misconduct provided.  15 U.S.C. § 1692e.  Under the second, which also supplies several examples, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.  To prevail on a claim under either section, the plaintiff must establish that: "(1) the defendant is a 'debt collector'; (2) who took an action 'in connection with the collection of a[] debt'; and (3) the action violated the substantive proscriptions in those provisions." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 256 (D.D.C. 2015) (citing *Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 384 (7th Cir. 2010) and *Muldrow v. EMC Mort. Corp.*, 657 F. Supp. 2d 171, 174–75 (D.D.C. 2009)).

The defendant's motion for summary judgment concentrates on only the third prong, asserting that the undisputed facts establish that the defendant has not contravened any of the FDCPA's protections.[2] The heart of the parties' disagreement focuses on the plaintiff's claim under section 1692e(8), which specifies that "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" is a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e(8). Thus, if a debt collector knows that a debt is disputed and elects to report that debt to a credit reporting agency without noting the dispute, that debt collector has violated the FDCPA. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018); *Wilhelm v. Credico, Inc.*, 519 F. 3d 416, 418 (8th Cir. 2008). The statute's text makes the same true of a debt collector that should have known a debt is disputed but reports the debt to a credit bureau without also informing the bureau of the dispute. "This 'knows or should know' standard . . . depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired." *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998).

---

[2] The defendant's motion did not comply with the local rule requiring that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ." LCvR 7(h)(1); *see also* Standing Order ¶ 5(d), ECF No. 3 ("The Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment . . . ."). As the plaintiff writes, Pl.'s Opp'n to Def.'s Mot. at 5–7, ECF No. 10, non-compliance with that local rule may warrant denying a motion for summary judgment, *Burke v. Gould*, 286 F.3d 513, 517–18 (D.C. Cir. 2002); *see also Marcus v. Mnuchin*, No. CV 09-1686 (EGS), 2018 WL 4853913, at *2–3 (D.D.C. Sept. 28, 2018) (denying cross-motions for summary judgment without prejudice for failure to adhere to Local Civil Rule 7(h)). Although the defendant included a statement of undisputed facts with its reply brief, *see* Def.'s Statement of Facts not in Genuine Dispute, ECF No. 11-1, that statement is useless as the plaintiff has no opportunity to respond. Nevertheless, denying the defendant's motion for failure to comply with Local Civil Rule 7(h) would invite needless delay and waste resources as this is not a case requiring that the Court "sift through hundreds of pages of depositions, affidavits, and interrogatories in order to [analyze] and [determine] what may, or may not, be a genuine issue of material dispute fact." *Burke*, 286 F.3d at 518. Indeed, the D.C. Circuit "has long recognized that the district court does not abuse its discretion by declining to invoke the requirements of the local rule in ruling on a motion for summary judgment." *Id.* Given the limited record, that is the proper course here. In any event, the straightforward record reveals that, for the most part, the defendant is not entitled to summary judgment on the merits.

The defendant insists summary judgment is appropriate here because the undisputed facts do not support that the defendant had reason to know that the Comcast debt it reported to credit bureaus in October, November, and December 2016 was disputed. Def.'s Mot. at 4–5. Although the defendant received the Dispute Letter, the defendant did not identify any account that matched the name, street address, city, state, and zip code referenced in the Dispute Letter. *Id.* at 4. The defendant learned which debt was disputed only after receiving the Demand Letter, which provided a city, state, and zip code that matched the defendant's account information. *Id.* at 5–6.

True, as the defendant presses, the first name and address displayed in the Dispute Letter did not match the information that the defendant had received from Comcast. Likely, the plaintiff knew, at a minimum, what name she had given Comcast when opening her account and the Dispute Letter would have benefitted from including that information. Yet, as the plaintiff argues, Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") at 9, ECF No. 10, the Dispute Letter provided more than just her first name and address. The Dispute Letter contained her correct surname, the last four digits of her social security number, the exact date that the defendant opened an account for her, the creditor, and the amount of the disputed debt. As the defendant's Account History exhibits, the plaintiff's surname, the last four digits of her social security number, the creditor, and the account opening date all were in the defendant's file. Beyond that, the amount of the referenced debt was within $0.36 of the amount that the defendant had on file. A reasonable jury could find that, based on the Dispute Letter, the defendant should have located the plaintiff's account and thus should have known by October 2016 which debt the plaintiff was disputing.

In fact, when the plaintiff's counsel sent the Demand Letter, which, like the Dispute Letter, referred to the debtor as "Mary Hall" and provided an address that did not match the one

6

listed in the defendant's records, the defendant located the disputed debt. While the Demand Letter listed the plaintiff as residing in Washington, D.C., and within the 20009 zip code—information that matched the defendant's file—nothing in the record explains why that information was more useful than the last four digits of the plaintiff's social security number, the creditor, or the exact date that the defendant opened the account. Thus, the defendant is not entitled to summary judgment for the plaintiff's claim under section 1692e(8).

Although, as the defendant underscores, *see* Def.'s Mot. at 3, section 1692e(8) addresses the exact circumstances at play, the plaintiff alleges that the defendant's failure to report her debt as disputed violates four additional FDCPA provisions. Compl. ¶ 26.[3] The defendant argues that, even conceding that it had reason to know that the debt was disputed, nothing in the record supports a violation of any of the other four provisions. Def.'s Mot. at 7–9. For two of the four—section 1692e(5) and section 1692f—the plaintiff raises no objection to the defendant's motion. Thus, the plaintiff concedes the defendant's argument as to the portion of the plaintiff's claim predicated on these two provisions. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).

The remaining two claims are brought under section 1692e(2) and section 1692e(10), respectively. The first of those paragraphs explains that "[t]he false representation of the character, amount, or legal status of any debt" is an example of a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e(2). As to this claim, the defendant argues that "the 'character' of a debt consists of what a debt is comprised of (i.e. principle, interest, fees, etc.) rather than its dispute status." Def.'s Mot. at 7. If the character of a debt included whether the debt is disputed, Congress, the defendant continues, would not have enacted section 1692e(8).

---

[3] The number of FDCPA protections that the defendant violated does not factor into the FDCPA's damages scheme. *See* 15 U.S.C. § 1692k(a).

*Id.* at 7–8. Thus, because the record establishes, at best, a disagreement about whether the debt was disputed, the defendant believes that the plaintiff's claim under this paragraph is unsustainable.

Certainly, section 1692e(8) specifically addresses the failure to report a debt. Yet, contrary to the defendant's argument, "the same conduct may support claims brought under multiple subsections [of the FDCPA]." *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 437 (2d Cir. 2018); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("[O]ne action can give rise to multiple violations of the [FDCPA]."). That is the case here. A debt's character encompasses whether the debt actually is due. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 395 (4th Cir. 2013) (upholding judgment in favor of plaintiff for claim under section 1692e(2) concerning false representation that debt had not be satisfied); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (explaining that section 1692e(2) applies to efforts to collect any debt already discharged in bankruptcy). Of course, a disputed debt is one for which the obligation to pay is contested. If a debt's character was as limited as the defendant suggests—referring only to what the debt is comprised of— Congress would not have prohibited in a single paragraph both false representations of a debt's character and a debt's amount. Therefore, the plaintiff's claim under section 1692e(2) is viable.

Finally, section 1692e(10), instructs that the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The defendant's sole argument is that the record does not support that the defendant "reported Plaintiff's debt *in an attempt to collect a debt*." Def.'s Mot. at 8 (emphasis in original).[4] That is wrong. Debts are submitted to

---

[4] Although the defendant makes this argument against only the portion of the plaintiff's claim under section 1692e(10), any claim under section 1692e depends on the alleged misconduct having transpired "in connection with

credit bureaus to impair the debtor's credit score so that, in turn, the debtor is induced to pay the debt. For that reason, "the failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor." *Evans*, 889 F.3d at 349 (emphasis in original); *see also Wilhelm*, 519 F.3d at 418 ("[I]f a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt."). Here, too, the plaintiff may proceed to trial on her claim under section 1692e(10).

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment, ECF No. 9, is granted in part and denied part. The defendant's motion is granted as to the portions of the plaintiff's claim under 15 U.S.C. §§ 1692e(5) and 1692f. In all other respects, the defendant's motion is denied.

The parties are directed to submit by May 15, 2019 a joint status report proposing three dates prior to August 5, 2019 for a jury trial to commence.

An Order consistent with this Memorandum Opinion will be entered contemporaneously.

Date: May 1, 2019

```
_____
```
BERYL A. HOWELL
Chief Judge

---

the collection of any debt." 15 U.S.C. § 1692e. Thus, despite the defendant's narrowly targeted argument, if the argument were correct, which it is not, the defendant would be entitled to summary judgment on each of the plaintiff's claims under section 1692e.